**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALDO HERNANDEZ, | No. 13-74402 |
| Petitioner, | Agency No. A205-716-402 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Ronaldo Hernandez, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal, asylum, withholding of removal, protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). We deny in part, dismiss in part, and grant in part the petition for review, and remand.

Substantial evidence supports the agency's dispositive finding that Hernandez is statutorily ineligible for cancellation of removal, where he presented no evidence that he has a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina-Estrada v. INS*, 293 F.3d 1089, 1093-94 (9th Cir. 2002) (cancellation of removal denied for lack of qualifying relative).

We lack jurisdiction to consider the denial of Hernandez's applications for asylum, withholding of removal, and CAT relief, where he failed to exhaust the claims before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

As the government concedes, the BIA failed to consider Hernandez's properly raised challenge to the IJ's discretionary denial of his application for voluntary departure. We therefore grant Hernandez's petition in part and remand to the BIA to consider those contentions in the first instance. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).

13-74402

In light of this disposition, we do not reach Hernandez's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**